MASON *v.* AMERICAN TRUST CO.

1. APPEAL AND ERROR—OPINION OF COURT—DECREES.
    No review of a trial court's opinion in an equity case will be made until decree is entered.

2. MORTGAGES—POSSESSION—EQUITY.

Upon invocation of power of court of equity by purchaser of equity of redemption to keep mortgagee, under mortgage assigning rents and profits of 14-apartment building in case of default, out of possession by bill filed day before period of redemption would expire, such purchaser submitted to the correlative power of the court with reference to right of possession of mortgagee.

3. SAME—POSSESSION—MORATORIUM RELIEF.

On bill, filed by purchaser of equity of redemption a day before period of redemption would expire, to set aside foreclosure of mortgage by advertisement and to have moratorium relief if foreclosure should be found valid, order granting possession of premises, consisting of a 14-apartment building, to defendant after plaintiff had refused such moratorium relief as was afforded *held*, proper under circumstances.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 8, 1936. (Docket No. 22, Calendar No. 38,797.) Decided June 4, 1936.

Bill by William E. Mason against American Trust Company, a Michigan corporation, to set aside a mortgage foreclosure and for moratorium relief. From order entered granting possession to defendant, plaintiff appeals. Affirmed.

*Joslyn, Joslyn & Joslyn (Alan W. Joslyn,* of counsel), for plaintiff.

*Race, Haass & Allen (C. Redman Moon,* of counsel), for defendant.

WIEST, J. Plaintiff filed a bill to set aside foreclosure of a mortgage by advertisement and to have moratorium relief,* if the foreclosure should be found valid, and procured an order restraining defendant from issuing a writ of restitution or in any

---

* See Act No. 98, 1933, as last amended by Acts Nos. 3, 158, Pub. Acts 1935.—REPORTER.

manner interfering with his possession until the further order of the court.

The court in an opinion found the sale valid. No decree has been entered, evidently because of the mentioned double aspect of the bill. The court, after filing the opinion, took up the subject of relief under the prayer for a moratorium, fixed the terms to be complied with and plaintiff declined acceptance. Thereupon the court entered an order as follows:

"The court having heard and decided the above entitled cause to the effect that the sale complained of in the bill of complaint was a valid sale but there being some question in the mind of the court as to the nature of the order to be entered in the cause,

"It is now hereby ordered that pending the entry of a final order in this cause the defendant shall be and is hereby given the possession of the premises in question in this action and the plaintiff shall be and is hereby restrained and enjoined from in anywise interfering with the possession of said premises by the defendant and particularly from collecting or attempting to collect any rents and or profits from the said premises from and after the entry of this order."

Plaintiff claimed a general appeal from that order and was granted a stay upon filing a bond. The record does not show that any stay bond was filed.

Upon review plaintiff contends that the court could do no more than dismiss the bill of complaint in the absence of a prayer in defendant's answer for affirmative relief and, therefore, the order appealed from is void.

Plaintiff also seeks to review the opinion upon the validity of the foreclosure without entry of a decree. No such appeal will lie until decree is entered, and no such claim of appeal was or could have

been filed. We, therefore, decline to make such review.

This limits consideration to the order appealed from.

Plaintiff, who had purchased the equity of redemption during the course of foreclosure, filed the bill herein on the day before the period of redemption expired, and obtained an order keeping him in possession and excluding defendant. He also asked for moratorium relief by way of continued possession.

When plaintiff invoked the power of the court of equity to keep defendant out of possession and obtained such an exclusion until other order of the court he submitted to the correlative power of the court with reference to possession by the other party to the suit. It was not necessary for defendant to pray for such measure of relief in the answer to the bill of complaint but it was at liberty to do so at any time inasmuch as plaintiff had invoked the power of the court of equity over the subject of right of possession.

Counsel for plaintiff state in their brief:

"Plaintiff's bill of complaint * * * prayed that the sale be declared null and void and for an injunction restraining defendant from interfering with plaintiff's possession and control of said property. Plaintiff also prayed for relief under the moratorium act but this appeal does not present any questions arising under that prayer."

The prayer in the bill for moratorium relief is so interwoven in the proceedings as to be inseparable for it was the alternative relief asked and was invoked as such by plaintiff and, when offered by the court, the conditions were rejected.

The mortgage assigned the rents in case of default.  The premises consisted of a 14-apartment building.

Plaintiff, in a mortgage moratorium questionnaire, set up that the mortgage was given November 15, 1927, and was due November 15, 1934; the original amount was $23,000, and the present balance due $23,984.60; that it had been in default for two years and a sheriff's deed on foreclosure was executed July 17, 1934; that the assessed valuation of the property was $20,000; the fair rental value $125 per month; taxes unpaid, city $2,065.30; county, $405.56, and gave his age as 46, his occupation "errands," and income per month, $20.

The order appealed from is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.  POTTER, J., took no part in this decision.